UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MAVITY,

    Plaintiff,                                  Case No. 07-13955
                                                    Honorable Denise Page Hood

v.

PATRICIA CARUSO,

    Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## AND DENYING CERTIFICATE OF APPEALABILITY

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation, dated December 10, 2009 [Docket No. 10].

On August 6, 2004, Petitioner Daniel Mavity entered a plea of guilty before the Oakland County Circuit Court, State of Michigan, to two counts of conspiracy to deliver and manufacture under 50 grams of cocaine; one count of controlled substance, second offense; one count of felon in possession of a firearm; and three counts of possessing a firearm during the commission of a felony. Following his sentencing, Petitioner filed a motion to withdraw his plea. The trial court denied the motion on July 6, 2005. Petitioner thereafter filed a delayed application for leave to appeal in the Michigan Court of Appeals which was denied. The Michigan Supreme Court also denied Petitioner's application for a leave to appeal in a standard order. *See People v. Mavity,* 477 Mich. 858 (2006). Petitioner thereafter filed the instant application for a writ of habeas corpus on September 19, 2007. Petitioner is currently on parole.

## II. APPLICABLE LAW & ANALYSIS

### A. Standard of Review

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 29 U.S.C.§ 636. This Court "shall make a de novo determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C.§ 636 (B)(1)(c). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to have preserved this right to appeal the Magistrate Judge's recommendation, Petitioner was obligated to file objections to the Report and Recommendation with in fourteen days of service of copy, as provided for in Fed. R. Civ. P 72 (b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v Secretary of Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v Walters*, 638 F.2d 947 (6th Cir. 1981). No objections were filed to the Magistrates Judge's Report and Recommendation.

### B. Report and Recommendation

#### 1. Validity of Plea/ Ineffective Assistance (Claims I &II)

The Magistrate Judge recommended that the Court should conclude that Petitioner is not entitled to habeas relief on his validity of plea and ineffective assistance of counsel claims. The Court will first address Petitioner's argument that his plea was involuntary.

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742,748-749 (1970). Where the defendant "was fully aware of the likely consequences when he pleaded guilty[,] it is not unfair to

expect him to live with those consequences[.]" Here, Petitioner contends that his plea was unintelligently made and involuntary because he could not have been convicted of the felony firearm charges because the firearm was not a firearm for the purposes of the felony-firearm statute. The Petitioner indicated that he understood the sentencing ramifications of his plea. (8/6/04 Plea Tr. at at 7-9.) Petitioner also indicated that there was no agreement to reduce or dismiss any charge in exchange for his plea. *Id.* at 9. The trial court then informed the petitioner of the rights he was giving up by pleading guilty, and petitioner indicated that he understood these rights and that he was waiving them by pleading guilty. *Id.* at 9-10. Petitioner denied that anyone had threatened him to induce his plea, and indicated that it was his own choice to plead guilty. *Id.* at 10. The trial court found the petitioner's pleas to be understood, accurate, and voluntary, and accepted the pleas. *See id.* at 14. The Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief on the validity of plea claim.

In regards to his second claim of ineffective counsel, the Court rejects Petitioner's argument and concludes that his plea was valid and not the result of ineffective assistance of counsel. Petitioner claims that the firearm that was found in his home was an antique, inoperable muzzle loader pistol. The Michigan felony fire-arm statue provides, "[a] person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony ... is guilty of a felony and shall be imprisoned for 2 years." MICH. COMP. LAWS § 750.227b(1). In support of his claim that an antique firearm is not a "firearm" under the statute, Petitioner relies on § 750.231a, which in relevant part provides that, "[s]ubsection (2) of section 227 does not apply ... [t]o a person carrying an antique firearm as defined in subsection (2), completely unloaded in a closed case or container designed for the storage of firearms in the trunk of a vehicle." The statute further

provides that "[a]ntique firearm means the following ... (ii) A firearm using fixed ammunition manufactured in or before 1898, for which ammunition is no longer manufactured in the United States and is not readily available in the ordinary channels of commercial trade." *Id.;* §750.231a(2)(a). Petitioner contends that because the firearm found in his home meets this definition of "antique firearm," he could not have been convicted under the felony firearm statute. His argument fails because §750.231a by its terms provides an exception only to subsection (2) of section 227. That section prohibits carrying a concealed firearm. *See* MICH COMP. LAWS §750.227(2). Petitioner was neither charged with and convicted of carrying a concealed weapon under §750.227(2). He was charged under §750.227b(1) for possessing a firearm during the commission of a felony .

In addressing the claim of ineffective counsel the Court agrees with the Magistrate Judge and concludes Petitioner is not entitled to habeas relief on this claim. In order to establish ineffective assistance of counsel Petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. When a petitioner challenges counsel's effectiveness with respect to a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." *Hill v Lockhart*, 474 U.S. 52,59 (1985). The plea transcript shows that Petitioner's plea was voluntary and Petitioner has failed to demonstrate that his counsel's performance fell below the wide range of reasonable professional assistance standard. Since neither the antique nature of the firearm nor its alleged inoperablity provided a defense to the felony-firearm charges, Petitioner cannot show that counsel was
4

ineffective or that his plea was unintelligent or involuntary and is not entitled to habeas relief.

## 2. Vindictive Prosecution/ Double Jeopardy (Claim III)

Petitioner contends that the prosecution's felony firearm charges were vindictively imposed because the prosecutor knew that the charges were improper as a matter of law. As long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file.. generally rests entirely in the [prosecutor's] discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978). Petitioner has presented nothing to show that the prosecutor's decision to persecute him "was not based on the usual determinative factors a responsible prosecutor would consider before bringing charges." *United States v. Jarrett*, 447 F.3d 520, 525 (7th Cir. 2006).

Petitioner also contends that his prosecution for multiple counts of felony-firearm based on the possession of a single gun violated his right to be free from double jeopardy, that the prosecutor knew that these multiple counts were improper, and that his plea was therefore invalid. The Double Jeopardy Clause prohibits a state from punishing a defendant twice for the same "offense." However, [f]or constitutional purposes, it makes no difference that the separate charges against [petitioner] grew out of the same transaction." *Smith v Sowders*, 848 F.2d 735, 739 (6th Cir. 1988). Additionally, in *People v Morton*, 423 Mich.650 (1985), the Michigan Supreme Court considered whether a person, such as Petitioner here, who commits multiple felonies as part of a continuous criminal transaction while possessing a single gun may be convicted of multiple counts of felony-firearm based on the existence of multiple predicate felonies.

Petitioner cannot show that the prosecutor's decision to charge him with multiple felony-firearm counts rendered his plea invalid based on the case law noted above. The Court agrees with

the Magistrate Judge that Petitioner has not shown a Double Jeopardy violation.

### 3. Certificate of Appealability

In regards to the Certificate of Appealability, the Court will not issue the certificate. According to the Antiterrorism and Effective Death Penalty Act, Section 2253 states, "[a] certificate of appealability may issue.. only if the applicant has made a substantial showing of the denial of a constitutional right." Petitioner's plea validity, ineffective assistance, and vindictiveness claims rely on his argument that he could not be tried and convicted of felony-firearm because of the antique firearm exception contained in MICH. COMP. LAWS §750.231a and because the gun was not readily accessible. Since state law does not support the Petitioner's contention that he could not have been convicted of felony-firearm, the resolution of his plea validity, ineffective assistance, and vindictiveness claims are not reasonably debatable. The Court accepts the Magistrate Judge's recommendation to deny Petitioner a Certificate of Appealability.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Paul J. Komives' December 10, 2009 Report and Recommendation [**No. 10, 12/10/2009**] is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that this habeas action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that a Certificate of Appealability shall not issue. Petitioner may proceed *in forma pauperis* on appeal.

S/Denise Page Hood
Denise Page Hood

Dated: April 30, 2010                               United States District Judge

      I hereby certify that a copy of the foregoing document was served upon Daniel Mavity, Reg. No. 265925, 15386 Court Village Lane, Taylor, MI 48180 and counsel of record on April 30, 2010, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Deputy Clerk